## SUPERIOR COURT.

### NICHOLS agt. ROMAINE AND OTHERS.

Where the testator, in his will, directed all the rest, residue, and remainder of his said estate, real and personal, to be divided into five equal shares, one of which he gave to his daughter, Ann Nichols; and in a *codicil* to his will bequeathed to his two grandchildren (children of said Ann Nichols) as follows:—— " Are to be maintained, classically educated, and fully supported out of my estate, in a suitable manner, as if they were my children, until they obtain their several professions; and the expenses and charges for that purpose are not to affect the share and proportion of my estate bequeathed to said Ann Nichols." *Held*, that the estate charged by the codicil was ascertained, by the nature of the estate given to Ann Nichols, and was, consequently, a charge upon the *real estate*. The *devisees* under the will, therefore, were necessary parties.

Under the Code (§§ 33 and 123) the Superior Court of the city of New-York has jurisdiction, whenever an action involves the determination *in any form of any estate, any right or any interest* in, and to lands in the city of New-York.

An objection, that this court has not jurisdiction because the charge upon the lands is of an equitable character, can not be sustained, where it appears there is a definite interest in the real estate, which can be enforced against the parties by its judgment.

*Special Term, May,* 1854.——Motion to amend complaint, and an application for an order of publication.

AMBROSE L. JORDAN, *for motion ;* WM. C NOYES, *opposed.*

HOFFMAN, Justice. The protracted litigation in this suit, and the difference of opinion which has existed in the court

Nichols *agt.* Romaine and others.

respecting some of the points heretofore raised, and bearing upon every step of the cause, required a careful examination of the present applications.

It has become the law of the case in this court, by a decision at the general term, that the question whether there was an out and out conversion of the real estate into personalty by the will in question can not be determined without the devisees being parties; and again, that it would be improper to decide that the codicil has not effected a charge upon the real estate in favor of the plaintiff without hearing such devisees. The court, if fully convinced, might indeed say that there was no charge, and then the devisees, of course, need not be heard, but not otherwise.

This objection has been substantially raised by S. B. Romaine, an executor, as well as devisee, and Gregory Dillon, an executor and husband of another devisee. It is expressly taken in other answers of defendant's devisees, already before the court. Of course, if it is clear that there is no charge, it is an answer to the present application to bring in others, and this is now insisted upon.

After the decision at general term, the plaintiff applied for an order of publication against one of the devisees, a resident in another state. This motion was denied in March last, but upon a ground which enabled the court to permit it to be renewed.

At the April special term the application was renewed, and upon the additional fact stated, of a release having been executed by the plaintiff of his claim under the will and codicil, to all the real estate situate elsewhere than in the city and county of New-York; and upon a formal entry offered in open court, and to be made in the cause upon the record, to the effect that the plaintiff appeared by his attorney, and freely released from the lien of the bequest or devise in the codicil set forth, all the real estate of the testator therein mentioned situated elsewhere than in the city of New-York, and confined and restricted his claim to such real estate.

Some discussion arising at the hearing of this motion,

Nichols agt. Romaine and others.

respecting the propriety of amending the complaint, the case was postponed for the purpose of applying on notice for such amendment, and such motion has now been made and argued. Both applications are thus before me.

The two objections which require examination are, first, that there is no charge upon the real estate at all; and next, that if there is, it is not of such a nature as will confer jurisdiction on this court; in other words, that it does not create an estate or interest in real property, within the meaning of the 123d section of the Code. The objection, that it is too late to make a motion to amend, is answered by the history of the case, the decision at the special term, and the comprehensive provision of the Code, (§ 173.)

*First.* That the bequest given in the codicil operates as a charge upon the real estate seems to me indisputable. The two named grandchildren "are to be maintained, classically educated, and fully supported, out of his estate, in a suitable manner, as if they were his children, until they obtain their several professions." And again, "The expenses and charges for that purpose are not to affect the share and proportion of his estate, in his said will bequeathed to Ann Nichols, the mother of these grandchildren."

By the sixth clause of the will, all his property, real and personal, is to be divided into six equal shares, in the first instance; and he proceeds then to dispose in a special manner of one of such shares. By the seventh clause he directs all the rest, residue and remainder of his said estate, real and personal, to be divided into five equal shares, one of which he gives to his daughter Ann Nichols, above named.

Thus the estate charged by the codicil is ascertained by the nature of the estate given to Ann Nichols, and exempted from its operation; and the estate given is a fifth of the residue of his real and personal property; and the estate in each of the others, and made liable, is a fifth of such residue, of the real and personal property.

The effect of the sixth and seventh clauses of the will, taken together, is, that each of the devisees, or each class of devisees

Nichols agt. Romaine and others.

named in the seventh section take a fifth of the actual residue, after payment of debts, and after deducting the dower right, and also one-eighteenth of the whole estate. The one-third part of one-sixth is given in the sixth clause to a son of a deceased daughter, to be paid to him when he attained twenty-one: the interest to be applied to his use in the interim; and if he dies before twenty-one, without lawful surviving issue, it falls into the estate, to be distributed as provided respecting the other parts of his property.

Thus then the devisees named in the seventh clause have among them an absolute estate and interest in seventeen-eighteenth parts of the actual residue, and an expectant estate in the remaining eighteenth; and the son, B. R. Saul, has the interest of that share until he attains twenty-one; has the whole estate in it if he reach that age. His lawful issue, if any, take it should he die before; and in the event of his death within the period, and without issue surviving, the devisees named in the seventh clause take it absolutely.

Therefore, with the exception of the contingency of this son dying before twenty-one, leaving issue, (who of course are now uncertain,) the whole estate (dower deducted) is vested in definite persons now before the court or sought to be brought before it.

It cannot be supposed that this contingency would prevent a judgment of sale of the property if the charge exists. It could in no way operate further to withhold a sum from immediate payment, proportionate to the contingent interest. It is needless to decide whether this would be necessary.

If this bequest had been given in the will prior to the devise of the residue of the estate, I should suppose that no ingenuity could have raised a doubt as to its being a charge.

From Aubery agt. Middleton, (2 *Eq. Ca. Abr.* 479, *p.* 16,) down to Merchons agt. Scaife, (*Mylne & Craig,* 896, *in* 1837,) there is a long series of authorities to sustain it as a charge, and I believe none materially to weaken it. The whole good sense and sound law of the subject is expressed by Lord COT-TENHAM in the last cited case: " When a testator speaks of

the rest and residue of his personal estate, he means what would remain after payment of his debts and legacies. It is natural to suppose that he uses the words in the same sense when applied to his real estate." See also the case of Tracy agt. Tracy, (*Barbour Rep.* 503,) which, although a decision at special term, is in my opinion sound, pertinent, and entitled to much weight.

I do not think that there is any ground for a distinction between these cases and the present, on account of the bequest being made in the codicil after the devise of the residue in the will. On the contrary, when a deviser gives a residue, and subsequently declares that such residue shall be subject to a particular charge, the case is stronger than that of a bequest, and than a devise of a residue. It imports even more clearly a determination to subject the whole residue estate—real as well as personal—to the liability.

The next important question is, whether this court will have jurisdiction after the proposed amendment is made. That will remove the objection arising from a portion of the real estate being out of the city, and leave the point dependent upon the construction of the 33rd and 123rd section of the Code.

Bringing together the clauses in the 33rd and 123rd sections, so far as they relate to the present question, the provision may be thus stated. That the superior court shall have jurisdiction in actions for the recovery of real property, or of an estate, or interest therein, or for the determination in any form of such right or interest, and for injuries to real property, where the cause of action shall have arisen, or the subject of the action shall be situated within those cities respectively.

The present case can not come under the clause, as to the place where the cause of action arose, which was Kings county, where the will was made. It must be brought under the other branch.

The subject of the action is now laid in the city of New-York. It is the sole subject of the action, as the entire insufficiency of the personal estate is averred and admitted.

After carefully considering the provisions in question, it

appears to me, that the clauses of the 123rd section are disjunctive and separate.

1. That the jurisdiction extends to an action for the recovery of real property owned in fee, by the ordinary action of ejectment, or for its recovery upon the basis of any such estate, or interest therein as would be sufficient to sustain an action of ejectment. Thus the revised statutes (*vol.* 2, *p.* 304, §§ 1, 3) enact that the action of ejectment may be brought in the cases theretofore accustomed; and no one can recover unless he has a valid subsisting interest in the premises, and a right to recover the same or possession thereof.

What the interest may be, is, I presume, defined by section 10, in connection with subdivision 7, of section 31, viz., an estate in fee, or for life, or the life of another, or for a term of years, stating what term.

But next the jurisdiction is given "for the determination in any form of such right or interest."

It has been said, that this means the determination in any form of a right to recover real property, of an estate therein; in fact, reducing the whole provision to an action of ejectment or dower.

But the meaning I apprehend to be, the determination in any form of right or interest in real estate. The word " such" refers to something antecedent, right, or interest. That antecedent is, " estate or interest therein," that is, in real property.

The word " right" is used as synonymous with " estate," and then the result is, that jurisdiction belongs to this court whenever an action involves the determination in any form of any estate, any right or any interest in and to lands in the city of New-York.

Two examples may be stated :—

If a rent charge upon lands is created, and by grant or by operation of law, a right of distress accompanies it, it is in the nature of a remedy upon the lands. But it is not such a right as will support ejectment, unless a right to enter upon default is expressly given. (*Braithwaite agt. Cooksey*, 1 *Hy.*

*Black.* 465 ; 1 *Rolles,* 671 ; *Jeunette agt. Cowley,* 1 *Sanders* 112 . *Hassell agt. Garthwait, Willis* 500.)

A rent charge, then, with a power of distress merely, is cer-tainly not such an estate or interest as can sustain an eject-ment. It certainly comprehends the decision of a right or interest in land. The party may reach the fruits of the land, and go upon it. I think the jurisdiction of such a case would belong to this court when the lands are in New-York. And so the settlement of a right of way over the land of another is a determination of a right or interest in land, distinct from a recovery of land, or any estate therein, which may be the subject of ejectment. An action (formerly of assize of nuis-ance, or on the case) lay for the disturbance of such a righ: whether by stopping it, plowing up the land, or damaging the way materially. (*Roscoe on Real Actions,* 365 ; *Law Library, vol.* 29, 12 ; *Wool on Ways,* 66.)

So the decision of a right of common appurtenant may yet be known to the courts, however rare, and this is clearly a right affecting land, but not a right to recover it. (*Cowlan agt. Stack* 15, *East,* 108.)

Other cases may be referred to of suits involving the deter-mination of interest totally disconnected from recovery, besides the proceedings under the revised statutes to compel the determination of claims to real estate. Such are a bill in equity *quia timet,* a bill to remove clouds upon the title ; and a bill to settle the use of water among mill-owners. (*Alexander agt. Pendleton,* 8 *Cranch,* 462 ; *Pettitt agt. Shephard,* 5 *Paige,* 493 ; *Belknap agt. Tremble,* 3 *Paige,* 377.)

The result is, that this court has unquestionable jurisdiction of the case.

*Third.* But this is a charge upon lands of an equitable char-acter. It could only have been recognized and enforced in a court of chancery.

This fact is far indeed from diminishing the force of the observation submitted. The charge gave an absolute right to the party to sustain a bill for the administration of the whole estate, payment of debts, application of the personalty, and if

that proved deficient, to have the real estate sold, and all the parties who held the legal title compelled to join in a conveyance to the purchaser. One case to this point is enough. (*Fenhonlet agt. Papaianit*, 1 *Dickens*, 253 ; *Seaton on Decrees*, 93 *and* 26.)

Such a demand, armed with such a process to enforce it, is certainly a very definite interest in real property.

It becomes in my view totally unimportant (except when a purchase may raise a question as to parties to a conveyance) whether the executors have a full power to sell and convey or the devisees must sanction it.

When the latter are before the court, a judgment will bind them, even if they are not essential parties to convey a legal title.

I have given much attention to this case because it has been so often before us ; and really it strikes me as one exceedingly plain. I do not mean to say any thing as to the amount of the allowance which Judge MASON, as referee, and Judge CAMP-BELL at special term, have approved.

The application to amend must be granted as asked.

The order for publication must be applied for after the amendment is made.

Order accordingly.